**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4304

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN SCOTT SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00145-CCE-1)

Submitted:  July 16, 2026                        Decided:  July 20, 2026

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Eric D. Placke, Interim Federal Public Defender, Tiffany T. McGregor, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Dan Bishop, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, Emily K. Norris, Third-Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Scott Smith pled guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced Smith to 72 months' imprisonment, above his advisory Sentencing Guidelines range of 51 to 63 months. On appeal, Smith contends that his sentence is substantively unreasonable because the district court's justification for the upward variance included factors that were already incorporated into Smith's Guidelines calculation. Specifically, he asserts that his advisory Guidelines range already accounted for his prior violent felony conviction and history of firearm possession. We affirm.

We review a defendant's sentence for reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence," *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020), "including an explanation for any deviation from the Guidelines range," *Gall*, 552 U.S. at 51. If we conclude that the sentence is procedurally reasonable, we then review the substantive reasonableness of the sentence, considering "the totality of the circumstances." *Id.*; *see Nance*, 957 F.3d at 212.

We conclude that Smith's sentence is procedurally reasonable. The district court properly calculated the advisory Guidelines range, considered the parties' arguments, allowed Smith to allocute, and adequately explained why it rejected Smith's mitigation

2

arguments in imposing a sentence nine months above the top of the advisory Guidelines range.

In reviewing an upward variant sentence for substantive reasonableness, "we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). We afford "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance, and the fact that we might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). The ultimate inquiry is whether, considering the totality of the circumstances, the district court "abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010).

We conclude that Smith's sentence is substantively reasonable. The district court carefully balanced the § 3553(a) factors and acted within its broad discretion in giving more weight to Smith's criminal history. *See Nance*, 957 F.3d at 215 (noting "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors" (internal quotation marks omitted)). Noting Smith's lengthy and continuous criminal history since the age of 18 and his repeated firearm offenses after serving a sentence for felony homicide, the court was concerned that a Guidelines sentence would be too low. And although the court acknowledged the mitigating factors presented

3

by Smith's counsel, especially Smith's youth when he committed his first offense, it explained that his youth was less of a mitigating factor considering his repeated criminal conduct. Ultimately, the court concluded that a small upward variance was appropriate given the need to protect the public, provide appropriate punishment, and provide adequate deterrence. Thus, considering the totality of the circumstances, we discern no abuse of discretion in the district court's determination that a modest upward variance was warranted given its assessment of the § 3553(a) factors.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*